AO 245B (CASDRev. 08/13) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MARIO LEONEL ARANA (2) | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 16CR2873-LAB<br><br>DANIELLE IREDALE, RETAINED<br>Defendant's Attorney |

**REGISTRATION NO.** 58300198

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)  ONE AND SEVEN OF THE INDICTMENT

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 922(a)(1)(A), 923(a) and 924(a)(1)(D) and 18 USC 2 | Manufacturing and Dealing Firearms Without a License and Aiding and Abetting | 1 |
| 26 USC 5812, 5845(a)(3), 5845(a)(7), 5861(e), and 5871, and 18 USC 2 | Transfer of Firearms in Violation of the National Firearms Act, and Aiding and Abetting | 7 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  remaining  is  dismissed on the motion of the United States.

☒ Assessment: $100.00 per count, $200 total - payable w/in 60 days

☒ No fine     ☒ Forfeiture pursuant to order filed  5/19/2017  , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 22, 2017
Date of Imposition of Sentence

*/s/ Larry A. Burns*

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

16CR2873-LAB

## PROBATION

The defendant is hereby sentenced to probation for a term of:
Probation 5 years, Bureau of Prisons from 7:00 PM Fridays to 7:00 PM Sundays for 52 consecutive weekends pursuant to 18 USC 3563(b)(10), each count concurrent. The defendant shall begin the weekends no later than 6/9/2017

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994*:

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check if applicable.)*

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

AO 245B (CASD Rev. 08/13) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MARIO LEONEL ARANA (2) | Judgment - Page **3** of **3** |
| CASE NUMBER: | 16CR2873-LAB | |

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. Seek and maintain full time employment and/or schooling or a combination of both.

2. Submit your person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARIO LEONEL ARANA (2),<br><br>　　　　　　Defendant. | Case No. 16cr2873-LAB<br><br>PRELIMINARY ORDER<br>OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment filed in this case, the United States sought forfeiture of all properties involved in the commission of the offenses charged in the Indictment pursuant to 26 U.S.C. § 5872, 49 U.S.C. § 80303, and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, the Defendant consented to the forfeiture of all right, title and interest in all properties seized in connection with this case which were involved in the violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), and 26 U.S.C. §§ 5861(e), 5845(a)(3), and 5845(A)(7), as charged in Counts 1 and 7 of the Indictment to which the Defendant entered guilty pleas; and

WHEREAS, on or about February 23, 2017, the Defendant pled guilty before Magistrate Judge William V. Gallo to Counts 1 and 7 of the Indictment, which pleas included consent to forfeiture of all properties seized by law enforcement during the investigation of the offenses, including forfeiture of the following:

| | | |
|---|---|---|
| a) | A Black 2005 Cadillac Escalade SUV, CA License Plate No. 7PEV336, VIN 1GYEK63N95R135534; | |
| b) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; | |
| c) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; | |
| d) | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None; | |
| e) | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None; | |
| f) | 1 Colt MKIV Pistol CAL:45 SN:SS02859; | |
| g) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; | |
| h) | Unknown Manufacturer Unknown Pistol CAL:45 SN:None; | |
| i) | Unknown Manufacturer Unknown Pistol CAL:Unknown SN:None; | |
| j) | 334 Rounds Assorted Ammunition CAL:Assorted; | |
| k) | 2000 Component Assorted Ammunition CAL:Multi; | |
| l) | 750 Component Assorted Ammunition CAL:Multi; | |
| m) | 20 Rounds Assorted Ammunition CAL:Multi; | |
| n) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; | |
| o) | 2 Rounds Assorted Ammunition CAL:556; | |
| p) | 1838 Rounds Assorted Ammunition CAL:Assorted; | |
| q) | Dremel 4200 Rotary Tool; | |
| r) | Milwaukee Cordless Drill With Dremel Bit in Chuck; | |
| s) | Miscellaneous Dremel Attachments and Bits; | |
| t) | Enco 105-1110 Milling and Drilling Machine; | |
| u) | 1 Round Winchester-Western Ammunition CAL:45; | |
| v) | Beretta, Pietro S.P.A. 8045F Mini Cougar Pistol CAL:45 SN:064777MC; | |
| w) | 10 Rounds Assorted Ammunition CAL:Multi; | |
| x) | 1 Round Federal Ammunition CAL:9; | |
| y) | 4 Rounds Assorted Ammunition CAL:9; | |
| z) | 50 Rounds Winchester-Western Ammunition CAL:9; | |

| | | |
|---|---|---|
| aa) | 11 Components Assorted Ammunition CAL:Multi; |
| bb) | 9 Rounds Assorted Ammunition CAL:9; |
| cc) | 5 Rounds Assorted Ammunition CAL:45; |
| dd) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| ee) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| ff) | Steyr M95 Rifle CAL:8 SN:2230W; and |
| gg) | 13 Rounds Assorted Ammunition CAL:Multi; and |

WHEREAS, on March 23, 2017, this Court accepted Defendant's guilty pleas; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offenses of conviction; and

WHEREAS, by virtue of Defendant's factual admissions and guilty pleas to Counts 1 and 7 of the Indictment, said properties are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 49 U.S.C. § 80303, and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the following properties which are hereby found forfeitable by the Court, namely:

| | | |
|---|---|---|
| a) | A Black 2005 Cadillac Escalade SUV, CA License Plate No. 7PEV336, VIN 1GYEK63N95R135534; |
| b) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| c) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| d) | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None; |
| e) | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None; |
| f) | 1 Colt MKIV Pistol CAL:45 SN:SS02859; |
| g) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |

h)     Unknown Manufacturer Unknown Pistol CAL:45 SN:None;

i)     Unknown Manufacturer Unknown Pistol CAL:Unknown SN:None;

j)     334 Rounds Assorted Ammunition CAL:Assorted;

k)     2000 Component Assorted Ammunition CAL:Multi;

l)     750 Component Assorted Ammunition CAL:Multi;

m)     20 Rounds Assorted Ammunition CAL:Multi;

n)     Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;

o)     2 Rounds Assorted Ammunition CAL:556;

p)     1838 Rounds Assorted Ammunition CAL:Assorted;

q)     Dremel 4200 Rotary Tool;

r)     Milwaukee Cordless Drill With Dremel Bit in Chuck;

s)     Miscellaneous Dremel Attachments and Bits;

t)     Enco 105-1110 Milling and Drilling Machine;

u)     1 Round Winchester-Western Ammunition CAL:45;

v)     Beretta, Pietro S.P.A. 8045F Mini Cougar Pistol CAL:45 SN:064777MC;

w)     10 Rounds Assorted Ammunition CAL:Multi;

x)     1 Round Federal Ammunition CAL:9;

y)     4 Rounds Assorted Ammunition CAL:9;

z)     50 Rounds Winchester-Western Ammunition CAL:9;

aa)     11 Components Assorted Ammunition CAL:Multi;

bb)     9 Rounds Assorted Ammunition CAL:9;

cc)     5 Rounds Assorted Ammunition CAL:45;

dd)     Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;

ee)     Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;

ff)     Steyr M95 Rifle CAL:8 SN:2230W; and

gg)     13 Rounds Assorted Ammunition CAL:Multi; and

//

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the factual admissions of the Defendant and his guilty pleas, the United States is hereby authorized to take custody and control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 21 U.S.C. § 853 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a) **A Black 2005 Cadillac Escalade SUV, CA License Plate No. 7PEV336, VIN 1GYEK63N95R135534;**

    b) **Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;**

    c) **Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;**

    d) **Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None;**

    e) **Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None;**

    f) **1 Colt MKIV Pistol CAL:45 SN:SS02859;**

    g) **Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;**

    h) **Unknown Manufacturer Unknown Pistol CAL:45 SN:None;**

    i) **Unknown Manufacturer Unknown Pistol CAL:Unknown SN:None;**

    j) **334 Rounds Assorted Ammunition CAL:Assorted;**

    k) **2000 Component Assorted Ammunition CAL:Multi;**

    l) **750 Component Assorted Ammunition CAL:Multi;**

    m) **20 Rounds Assorted Ammunition CAL:Multi;**

    n) **Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None;**

    o) **2 Rounds Assorted Ammunition CAL:556;**

    p) **1838 Rounds Assorted Ammunition CAL:Assorted;**

    q) **Dremel 4200 Rotary Tool;**

| | | |
|---|---|---|
| r) | Milwaukee Cordless Drill With Dremel Bit in Chuck; |
| s) | Miscellaneous Dremel Attachments and Bits; |
| t) | Enco 105-1110 Milling and Drilling Machine; |
| u) | 1 Round Winchester-Western Ammunition CAL:45; |
| v) | Beretta, Pietro S.P.A. 8045F Mini Cougar Pistol CAL:45 SN:064777MC; |
| w) | 10 Rounds Assorted Ammunition CAL:Multi; |
| x) | 1 Round Federal Ammunition CAL:9; |
| y) | 4 Rounds Assorted Ammunition CAL:9; |
| z) | 50 Rounds Winchester-Western Ammunition CAL:9; |
| aa) | 11 Components Assorted Ammunition CAL:Multi; |
| bb) | 9 Rounds Assorted Ammunition CAL:9; |
| cc) | 5 Rounds Assorted Ammunition CAL:45; |
| dd) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| ee) | Unknown Manufacturer Unknown Receiver/Frame CAL:Unknown SN:None; |
| ff) | Steyr M95 Rifle CAL:8 SN:2230W; and |
| gg) | 13 Rounds Assorted Ammunition CAL:Multi. |

2. The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: May 19, 2017

Hon. LARRY ALAN BURNS
United States District Judge

16cr2873-LAB